SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **James P. Downey,**<br>Plaintiff<br>-vs-<br>**J.I. Sabbagh,**<br>Defendant(s) | CV-04-2154-PHX-SMM (MEA)<br><br>**ORDER** |

Under consideration is Defendant's Motion to Dismiss, filed March 22, 2005 (#18).

**Background** - Plaintiff, an inmate in the Arizona Department of Corrections, instituted this action on October 8, 2004, by filing his Complaint (#1), alleging a denial of free exercise of religion as a result of Defendant's refusal to provide Plaintiff with Jewish books, magazines and newspapers, and a kosher diet. Defendant Sabbagh is the Senior Chaplain at the Eyman Complex of the Arizona State Prison. The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and an answer was ordered from Defendant.

Defendant Sabbagh filed this Motion to Dismiss on March 22, 2005 (#18), arguing that Plaintiff had failed to exhaust his available administrative remedies, and therefore the Complaint was subject to dismissal. The Court entered an Order on April 1, 2005 (#20), directing Plaintiff to respond to the Motion to Dismiss within 30 days. Plaintiff has not responded to the motion.

**Motion to Dismiss** - In his Motion (#18), Defendant argues that Plaintiff had available to him administrative remedies under Department Order 802 to grieve his claim, but that he failed to do so, and therefore dismissal is required under 42 U.S.C. § 1997e(a). To establish the failure to exhaust, Defendant provides the affidavit of Diana Focht, a Grievance Coordinator at the Eyman Complex, who introduces the prison's grievance policy, avows that she maintains records of grievances, and that Plaintiff has not submitted any

grievances “concerning denial of religious exercise.” (Motion, #18, Exhibit 1 at ¶ 6.)

Defendant also notes that Plaintiff’s Complaint admits that he has not exhausted administrative remedies, stating “I would most likely not get a response on this.” (Complaint, #1 at 4.)

**Failure to Respond** - Plaintiff has failed to respond to the motion. The Court’s order setting the briefing schedule warned Plaintiff of the provisions of Local Rule of Civil Procedure 7.2(i), which provides that a failure to respond to a motion can be deemed by the Court to be a consent to the granting of the motion. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

Despite being warned of the effect of non-response, Plaintiff has not responded to the motion to dismiss. Further, Plaintiff has not undertaken any visible action in this proceeding following service of the Complaint. Accordingly, the Court will exercise its discretion to deem Plaintiff's silence to be a consent to the granting of the motion.

Moreover, the Court finds that the motion should be granted on its merits.

**Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must fully exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1120.

**Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust

administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. *Wyatt*, 315 F.3d at 1119. Therefore, the defendant bears the burden of proving that plaintiff had available administrative remedies that he did not utilize. *Id.*; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Id.* at 1120.

**Failure to Exhaust** - Plaintiff has admitted that he failed to exhaust his administrative remedies, and Defendants have offered evidence of such failure. Plaintiff asserts in his Complaint that his failure to exhaust was because of the limited likelihood of results. There is no futility exception to the PLRA's exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001) (the court should not "read futility or other exceptions into statutory exhaustion requirements"). Rather the key is whether the administrative process is capable of providing some relief. If so, then the prisoner must utilize the process. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'" *Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir. 2005).

Defendants have shown that Plaintiff had available to him the standard inmate grievance procedures under Department Order 802 to grieve his religious freedom claim, and that he failed to exhaust that process. Accordingly, this action must be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, filed March 22, 2005 (#18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE**.

DATED this 31st day of January, 2006.

Stephen M. McNamee
Chief United States District Judge